Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/27/21

DOCKET NO. 200206-68008
DATE: May 28, 2021

ORDER

Entitlement to service connection for the cause of the Veteran's death is granted.

FINDINGS OF FACT

1. The Veteran died in July 2014, and the listed causes of death on the death certificate included coronary artery disease.

2. Coronary artery disease is presumed to be causally related to the Veteran's in-service herbicide agent exposure.

CONCLUSION OF LAW

The criteria for service connection for the cause of the Veteran's death have been met. 38 U.S.C. §§ 1110, 1310; 38 C.F.R. §§ 3.102, 3.303, 3.312.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from May 1961 to May 1969. The Veteran died in July 2014, and the appellant is his surviving spouse. 38 U.S.C. § 101(3).

This matter is before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in December 2018 by a Department of Veterans Affairs (VA) Regional Office (RO). 

By way of background, the RO originally denied entitlement to service connection for the cause of the Veteran's death in September 2016. In May 2017, the appellant's representative requested that the RO reconsider the denial. In December 2018, the RO issued another rating decision which reconsidered the claim but continued the denial of service connection for the cause of the Veteran's death.

On February 19, 2019, the new modernized decision review system created by the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA), went into effect. Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017). This law created a new framework for appellants dissatisfied with VA's decision on their claim to seek review.

In March 2019, the appellant filed a notice of disagreement with the December 2018 rating decision, and she was issued a statement of the case in February 2020. In response, the appellant opted-in to the modernized review system by timely submitting an appropriate form electing a review option under the AMA, specifically review by the Board. 38 C.F.R. §§ 3.2400(b), (c)(2), 3.2500(a)(1)(ii). As such, the appeal will be decided pursuant to the modernized review system.

In her appeal to the Board, the appellant requested a hearing before a Veterans Law Judge (VLJ). 38 C.F.R. §§ 3.2500(a)(1)(ii), 20.202, 20.203. The appellant testified at a hearing before the undersigned VLJ in May 2021. As the appellant requested a hearing, the Board will base its decision on the evidence of record at the time of the statement of the case as well as all evidence received from the Veteran either at the hearing or within 90-days after the hearing. 38 C.F.R. §§ 20.300, 20.302. In correspondence received in May 2021, the appellant, through her representative, knowingly, voluntarily and intentionally waived the 90-day window for the submission of evidence. Clark v. O'Rourke, 30 Vet. App. 92, 9799 (2018). As such, the Board will proceed to address the appeal on the merits. The transcript from the hearing has not yet been associated with the file as the appeal is being granted under the Board's "One Touch" program. The hearing transcript will still be processed and associated with the claims file in the ordinary course of business.

1. Entitlement to service connection for the cause of the Veteran's death

Dependency and Indemnity Compensation (DIC) benefits are payable to the surviving spouse of a Veteran if the Veteran died from service-connected disability. 38 C.F.R. § 3.5. Service connection for the cause of a Veteran's death is warranted if a service-connected disability either caused or contributed substantially or materially to the cause of the Veteran's death. 38 C.F.R. § 3.312.

The death of a Veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death. The issue involved will be determined by exercise of sound judgment, without recourse to speculation, after a careful analysis has been made of all the facts and circumstances surrounding the death of the Veteran, including, particularly, autopsy reports. 38 C.F.R. § 3.312(a). A service-connected disability will be considered as the principal, or primary, cause of death when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related thereto. 38 C.F.R. § 3.312(b). 

A contributory cause of death is inherently one not related to the principal cause. In determining whether the service-connected disability contributed to death, it must be shown that it contributed substantially or materially; that it combined to cause death; or that it aided or lent assistance to the production of death. It is not sufficient to show that it casually shared in producing death, but rather it must be shown that there was a causal connection. 38 C.F.R. § 3.312(c)(1); see also Gabrielson v. Brown, 7 Vet. App. 36, 39 (1994).

Service connection can be established based on herbicide agent exposure. 38 C.F.R. § 3.307(a)(6). For the purposes of determining herbicide agent exposure, a veteran who served in qualifying locations during certain time periods will be presumed to have been exposed to herbicide agents. 38 C.F.R. § 3.307(a)(6)(iii)(v). If a veteran is presumed or found to have been exposed to herbicide agents, certain disabilities will be presumed to be causally related to such exposure. 38 C.F.R. § 3.309(e).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C. § 1154(a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 133637 (Fed. Cir. 2006).

The appellant contends that the Veteran's cause of death, specifically coronary artery disease, is causally related to his service. Private treatment records reflect that the Veteran was diagnosed with coronary artery disease during his life, and the death certificate lists coronary artery disease as one of the primary causes of death. Therefore, the evidence establishes that coronary artery disease caused or materially contributed to the Veteran's death, and thus the dispositive issue is whether the coronary artery disease was casually related to the Veteran's service.

To this end, the appellant asserts that during his period of service the Veteran was exposed to herbicide agents, and therefore his coronary artery disease should be presumed to be causally related to his service. Coronary artery disease is a disability that may be presumed to be causally related to herbicide agent exposure, and the disability was clearly diagnosed during the Veteran's life. 38 C.F.R. § 3.309(e).

Turning to the question of herbicide agent exposure, the appellant alleges that the Veteran landed in Vietnam in January 1968. Specifically, the appellant testified that while serving at Don Muang Royal Thai Air Force Base (RTAFB) the Veteran was sent to the Clark Air Force Base (AFB) in the Philippines on temporary duty. However, en route to Clark AFB the Veteran's plane was forced to land overnight in Saigon due to the fact that fighting had begun in the area due to the start of the Tet Offensive. The Board takes judicial notice of the fact that the Tet Offensive began on January 30, 1968. See FED. R. EVID. 201 (b), (c). The appellant is competent to relay information told to her by the Veteran, and there is no evidence that her statements are not credible. Jandreau, 492 F.3d 1372. Indeed, the assertions are corroborated by the Veteran's personnel records, which reflect that the Veteran was stationed at Don Muang RTAFB from September 1967 to September 1968, and therefore could have travelled from Thailand to the Philippines in January 1968. 

In addition, the appellant submitted a lay statement from a fellow service member, K.S. In this statement, K.S. reported that he was stationed at Don Muang RTAB with the Veteran, serving as the Veteran's supervisor. K.S. further stated that at the end of January 1968, he was ordered to fly from Don Muang RTAFB to Clark AFB on temporary duty, and that the Veteran and one other service member accompanied him. K.S. then stated that en route to Clark AFB their plane was forced to land in Saigon due to the outbreak of fighting marking the beginning of the Tet Offensive. K.S. then asserted that he and the Veteran were required to stay in Saigon overnight until a commercial flight was able to transport them to Clark AFB the next day. The statement is competent and there is no evidence that it is not credible. Id. Indeed, to corroborate his account K.S. submitted his own military personnel records which confirm he was stationed at Don Muang RTAFB during roughly the same time period as the Veteran. As such, the Board finds the statement to be of significant probative weight. 

The Board notes that reviews of the unit histories of the Veteran's assigned units have not revealed any official documentation reflecting that the Veteran was assigned to temporary duty in the Philippines, that he in fact flew to the Philippines, or that he at any point during his service landed or served in Vietnam. However, as discussed above the appellant's and K.S.'s accounts of the Veteran landing in Vietnam are both competent and credible, and further are generally corroborated by the other evidence associated with the file. As such, an in the interest of affording the claim the full benefit-of-the-doubt, the Board finds that the evidence of record shows that the Veteran was present in Vietnam in January 1968. As such, the Veteran is presumed to have been exposed to herbicide agents. 38 C.F.R. § 3.307(a)(6)(iii).

With herbicide agent exposure established, the Veteran's coronary artery disease is presumed to have been causally related to such exposure, and therefore service connection for coronary artery disease is warranted. 38 C.F.R. § 3.309(e). As the evidence of record establishes that coronary artery disease caused or materially contributed to the Veteran's death and that coronary artery disease is causally related to the Veteran's service, service connection for the cause of the Veteran's death is warranted. 38 C.F.R. §§ 3.102, 3.312.

 

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. Wendell, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.